IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONICA B. SEBBLE | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NAMI NEW ORLEANS, Inc.; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Monica Sebble, through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Monica Sebble is an African-American of the full age of majority and a resident of Orleans Parish, Louisiana.

2. Defendant NAMI New Orleans, Inc. ("NAMI"), is a Louisiana non-profit corporation with its domicile located at 1538 Louisiana Avenue, New Orleans, Louisiana. NAMI employs more than twenty individuals.

3. This lawsuit seeks monetary and other relief for Defendant's unlawful retaliation in violation of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law ("LEDL"). Ms. Sebble filed an EEOC Charge of Discrimination in January 2017, regarding NAMI's mistreatment on the basis of her race. Once NAMI learned about this EEOC charge, it immediately fired Ms. Sebble by inventing minor write-ups for events which has occurred – if at all – months before. The stated reasons for termination were patently pretextual, and this case presents a clear

instance of unlawful retaliation in violation of both state and federal law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Defendant has its principal place of business within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391(b).

6. Plaintiff timely filed a Charge of Retaliation with the Equal Employment Opportunity Commission regarding her allegations of retaliation, and received a Right to Sue letter on or about October 2, 2017.

7. The filing of the charge provided Defendant with more than thirty days' notice of Plaintiff's allegations pursuant to La. Rev. Stat. § 23:303(C). Defendant did not respond within this thirty day time period as required by the statute.

8. Plaintiff has therefore exhausted her administration remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff is a mental health professional who earned a Master's Degree in Rehabilitation Counseling from Southern University in Baton Rouge. She previously worked as the Assisted Daily Living ("ADL") counselor for RHD, Resources for Human Development, at its location on Louisiana Avenue near Touro Infirmary in New Orleans.

10. In July 2016, NAMI took over the Louisiana Avenue facility, and Ms. Sebble became an NAMI employee. Her job title remained ADL Counselor.

11. During her time with NAMI, Ms. Sebble reported directly to Javonna Jones, who in turn reported to Nathaniel Bossick.

12. Ms. Sebble had serious concerns about the manner in which Mr. Bossick spoke to and

worked with the individuals who NAMI was supposed to be assisting. Ms. Sebble raised several internal complaints regarding Mr. Bossick's treatment of these individuals, as well as his treatment of Ms. Sebble herself.

13. NAMI did nothing in response to Ms. Sebble's concerns. On September 27, 2016, she filed a formal complaint with the Louisiana Board of Social Workers regarding Mr. Bossick's behavior.

14. After the complaint was filed, NAMI increasingly began isolating Ms. Sebble, apparently in response to these complaints. It also failed to provide her with adequate accommodations regarding a medical issue she suffered from, and a scheduled surgery. Other employees, who were not African-American, were not mistreated in this way.

15. On January 18, 2017, Ms. Sebble filed an EEOC charge, *pro se*, and asserted that NAMI discriminated against her because of her race and retaliated against her because of the complaints she raised.

16. On February 7, 2017, Ms. Sebble was called into a meeting, summarily fired, and given a written separation notice.

17. According to the separation notice, Ms. Sebble was fired because of five unrelated written reprimands over the past six months. These supposed infractions included such picayune allegations as the use of NAMI copier for personal use, and notifying her supervisor via phone (rather than via email) of a requested shift change.

18. Notably, three of these five written reprimands were signed and dated as of February 7, 2017, the date of the termination, even though the alleged infractions they discuss took place several weeks before that date.

19. The reason for these writeups is apparent. Once NAMI received the EEOC charge, it set out on a mission to find something – anything – to justify firing Ms. Sebble.

20. But for Ms. Sebble's protected conduct, NAMI would never have written her up, much

less terminated her, for the extraordinarily minor alleged infractions set forth in the February 7, 2017 separaration notice.  In reality, NAMI fired Ms. Sebble because she filed a charge with the EEOC.  Any other proferred reasons for her termination are pretext.

## FIRST CAUSE OF ACTION

## RETALIATION (TITLE VII)

21. Plaintiff hereby realleges and reincorporates paragraphs 1-20.

22. Defendant has intentionally retaliated against Ms. Sebble based on her protected conduct under Title VII, including her filing of a charge with the EEOC, by terminating her employment..

23. Defendant's unlawful actions have caused significant harm to Ms. Sebble, in an amount to be proven at trial.

24. Plaintiff requests that she be awarded all available relief including, but not limited to, a declaratory judgment that the acts and practices complained of herein are in violations of the laws of the United States; injunctive relief; an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein; reinstatement or front pay in lieu thereof; compensatory and punitive damages; attorney's fees; expenses and costs; and all other and further relief as to this Court deems necessary and proper.

## SECOND CAUSE OF ACTION

## RETALIATION (LOUISIANA LAW)

25. Plaintiff hereby realleges and reincorporates paragraphs 1-24.

26. Defendant has intentionally retaliated against Plaintiff due to her protected conduct under Louisiana law, including by terminating her employment.

27. Defendant's unlawful actions have caused damage to Plaintiff in an amount to be proven at trial.

28. Plaintiff requests that she be awarded all available relief including, but not limited to, a

declaratory judgment that the acts and practices complained of herein are in violations of the laws of Louisiana; injunctive relief; an award of lost wages, including lost fringe benefits, which resulted from the unlawful discrimination complained of herein; reinstatement or front pay in lieu thereof; compensatory and punitive damages; attorney's fees; expenses and costs; and all other and further relief as to this Court deems necessary and proper.

## JURY DEMAND

29. Plaintiff hereby requests a trial by jury on all claims so triable.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. For a declaratory judgment stating that Defendant's practices violate state and federal law;

b. For an award of all lost wages, including benefits;

c. For other general and special damages according to proof;

d. For reinstatement or an award of front pay in lieu thereof;

e. For an award of reasonable attorney's fees;

f. For costs of suit;

g. For injunctive and equitable relief as provided by law;

g. For an award of compensatory and punitive damages to be proven at trial;

h. For pre and post-judgment interest; and

i. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC

318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com