# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONICA B. SEBBLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10387** |
| **NAMI NEW ORLEANS, INC.** | **SECTION "N" (4)** |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion filed by defendant NAMI New Orleans, Inc. ("NAMI"), seeking dismissal of Plaintiff's state law retaliation claims. (Rec. Doc. 7). The Motion for partial dismissal is opposed by plaintiff Monica Sebble ("Plaintiff"). (Rec. Doc. 8). Having considered the submissions of the parties, including NAMI's reply memorandum (Rec. Doc. 11), the record, and applicable law, the Court **GRANTS** the Motion for the reasons stated herein.

### I. BACKGROUND

On October 10, 2017, Plaintiff, Monica Sebble, filed the instant lawsuit against NAMI New Orleans, Inc. ("NAMI"), her former employer and a nonprofit corporation, seeking "monetary and other relief for Defendant's unlawful retaliation in violation of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law ('LEDL')." (Rec. Doc. 1 at p. 1). Beginning in July of 2016, Plaintiff, an African-American, was employed by NAMI as an Assisted Daily Living counselor. (*Id.* at p. 2). Plaintiff alleges that she raised several internal complaints regarding the manner in which her supervisor, Nathanial Bossick,[1] spoke to and worked with individuals NAMI assisted, as well as his treatment of Plaintiff. (*Id.* at p. 3). Plaintiff further alleges that following NAMI's unresponsiveness to her concerns, on September 27, 2016, she filed a formal complaint with the Louisiana Board of Social Workers regarding Mr. Bossick's behavior. (*Id.*). After filing

---

[1] The relationship between Plaintiff and Nathanial Bossick is described in the Complaint as follows: "Ms. Sebble reported directly to Javonna Jones, who in turn reported to Nathaniel Bossick." (Rec. Doc. 1 at p. 2).

the complaint, Plaintiff claims that NAMI "increasingly began isolating" her and "also failed to provide her with adequate accommodations regarding a medical issue…and a scheduled surgery;" while other non-African-American employees were not similarly mistreated. (*Id.*). On January 18, 2017, Plaintiff filed an EEOC charge, *pro se*, asserting that "NAMI discriminated against her because of her race and retaliated against her because of the complaints she raised." (*Id.*).

Plaintiff alleges that on February 7, 2017, NAMI fired her in response to her filing the EEOC Charge of Discrimination. (*Id.*). Plaintiff further alleges that "[t]he stated reasons for termination [in her written separation notice] were patently pretextual, and…a clear instance of unlawful retaliation in violation of both state and federal law." (*Id.* at pp. 1-2). Plaintiff alleges that the five written reprimands involved "extraordinarily minor alleged infractions" and were written to justify firing Plaintiff, noting that three of the five written reprimands were signed and dated on February 7, 2017, the date Plaintiff was terminated. (*Id.* at p. 3). Plaintiff's Complaint identifies two causes of action: (1) Retaliation (Title VII) and (2) Retaliation (Louisiana Law). (*Id.* at p. 4).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, NAMI now moves for the dismissal of Plaintiff's state law retaliation claim.[2] (Rec. Doc. 7-1 at p. 1). NAMI argues that because it is a Louisiana nonprofit corporation, "as concede[d] by Plaintiff in her lawsuit," Louisiana's employment discrimination law, La. R.S. 23:301, *et seq.*, is not applicable because nonprofit corporations are specifically excluded from LEDL's definition of employer. (*Id.* at p. 2). Further, NAMI submits that "since Louisiana's retaliation statute, La. R.S. 51:2256(1) specifically limits the definition of employer to that set forth in [La. R.S.] 23:302, NAMI cannot be considered an employer under La. R.S. 51:2256(1)." (*Id.* at p. 3). Thus, NAMI contends that Plaintiff's claim of retaliation under state law ("Second Cause of Action") must be dismissed. (*Id.* at p. 4).

---

[2] Under Plaintiff's second cause of action, she alleges that "Defendant has intentionally retaliated against [her] due to her protected conduct under Louisiana law, including by terminating her employment."

In opposition—while agreeing that reliance on La. Rev. Stat. § 23:302 ("LEDL") to assert a claim against NAMI, a nonprofit corporation, "would be fatal"—Plaintiff argues that her claim is viable under Louisiana's anti-retaliation statutes, La. Rev. Stat. § 23:967 and § 51:2256, which "do not exclude non-profit corporations from the definition of 'employer'" because the exclusions under § 23:302 are limited to Chapter 3-A of Title 23. (Rec. Doc. 8 at p. 1). Plaintiff argues that NAMI's Motion should be denied because Plaintiff's Complaint states a valid claim for relief under Louisiana law: Plaintiff urges that based on a "strict reading" of the relevant statutes, the exclusions are inapplicable and "NAMI unquestionably qualifies as an 'employer'" under Louisiana's anti-retaliation statutes. (*See id.* at pp. 3-8).

In reply and in support of its Motion to Dismiss, NAMI criticizes Plaintiff's reliance on La. R.S. 23:927 and La. R.S. 51:2256, statutes it claims are not mentioned in her Complaint. (Rec. Doc. 11 at p. 1). NAMI questions Plaintiff's assertion that her claims are not brought under the LEDL, pointing to specific references to Louisiana Employment Discrimination Law and La. R.S. 23:303(c) that Plaintiff made in her Complaint. (*Id.*). Nonetheless, NAMI argues that Plaintiff cannot pursue a claim under either statute because the full definition of employer found in La. R.S. 23:302 applies to both La. R.S. 23:927 and La. R.S 51:2256, and that definition excludes nonprofit corporations like NAMI. (*Id.* at pp. 2-4).

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is bound to "accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Ultimately, "[a] complaint is subject to dismissal if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 214 (2007).

### III. LAW AND ANALYSIS

It is undisputed that Louisiana's general employment discrimination law ("LEDL"), La. Rev. Stat. § 23:301, specifically exempts from its coverage "[e]mployment of an individual by…any nonprofit corporation." La. Rev. Stat. § 23:302(2)(b). Parties agree that NAMI is a nonprofit corporation. (Rec. Doc. 1; Rec. Doc. 7-1). Thus, it is undisputed that NAMI is not an employer under LEDL's definition. The parties dispute, however, whether the employer exclusions as set forth in La. Rev. Stat. § 23:302 apply to La. Rev. Stats. §§ 23:967 and 51:2256, such that nonprofit corporations are excluded from the definition of employer.

La. Rev. Stat. § 51:2256, in relevant part, makes it unlawful for "an *employer as defined in R.S. 23:302* to conspire to retaliate or discriminate in any manner…." *See* La. Rev. Stat. § 51:2256 (emphasis added). Hence, to establish a retaliation claim, Plaintiff must first show that NAMI was her employer. The statute specifically incorporates, without limitation, the definition of employer as defined under the LEDL. Because La. Rev. Stat. § 23:302 includes a nonprofit corporation exemption, NAMI is not considered a covered employer under La. Rev. Stat. § 51:2256.

Next, La. Rev. Stat. § 23:967, Louisiana's whistleblower statute, provides, in relevant part, that "[a]n *employer* shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law...[d]iscloses or threatens to disclose a workplace act or practice that is in violation of state law." La. Rev. Stat. § 23:967A(1) (emphasis added). Although the statute itself does not define "employer," courts have consistently applied the

definition of "employer" as set forth in La. Rev. Stat. § 23:302, Louisiana's general employment discrimination statute. *See, e.g., English v. Wood Group PSN, Inc.*, No. 15-568, 2015 WL 5061164, at *10-11 (E.D. La. Aug. 25, 2015); *Langley v. Pinkerton's Inc.,* 220 F. Supp. 2d 575, 580 (M.D. La. 2002) (the full definition of 23:302 applies to 23:967 regardless of the fact that 23:967 is found in Chapter 9 rather than in 3—A); *Johnson v. Hosp. Corp. of America,* 767 F. Supp. 2d 678, 691 n. 2 (W.D. La. 2011). Accordingly, employment by nonprofit corporations does not fall within the scope of the Louisiana whistleblower statute. *See Jackson v. Xavier Univ. of Louisiana,* No. 01-1659, 2002 WL 1482756, at *6 (E.D. La. July 8, 2002) (citing *Jones v. JCC Holding Co.,* No. 01-0573, 2001 WL 537001, *3 (E.D. La. May 21, 2001)); *accord Wilson-Robinson v. Our Lady of the Lake Reg'l Med. Ctr., Inc.*, No. 10-584, 2011 WL 6046984, at *2 (M.D. La. Dec. 6, 2011) (concluding that a nonprofit corporation is not an employer for purposes of §§ 23:302 and 23:967).

Plaintiff's Complaint specifically identifies defendant NAMI New Orleans, Inc. as "a Louisiana non-profit corporation." (Rec. Doc. 1 at p. 1). Finding that the definition of employer in La. Rev. Stat. § 23:302 applies, which excludes nonprofit corporation employers, the Court concludes that Plaintiff fails to set forth a plausible retaliation claim against NAMI under Louisiana law. Accordingly, Plaintiff's state law retaliation claims are dismissed.

I. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that NAMI's Motion for partial dismissal (Rec. Doc. 7) is **GRANTED** and that Plaintiff's state law claims of retaliation against NAMI are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 16th day of February 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

5